### The STATE of Ohio

v.

### GRANT.

2002-Ohio-5419.]

Court of Common Pleas of Ohio,
Medina County.

No. 02–CR–0071.

Decided Aug. 2, 2002.

22

Dean Holman, Medina County Prosecuting Attorney, and James Bennett III, Assistant Prosecuting Attorney, for plaintiff.

James F. Ciccolini, for defendant.

JAMES L. KIMBLER, Judge.

## Statement of the Case

{¶ 1} Defendant Johnny L. Grant Jr. is charged with possession of drugs, in violation of R.C. 2925.11(A)(C)(3), and forgery, in violation of R.C. 2913.31(A)(3). The defendant filed a motion to suppress. The motion alleged that the traffic stop of the defendant was an unconstitutional seizure under both the Ohio and federal Constitutions.

## Findings of Fact

{¶ 2} During the morning of February 8, 2002, Trooper Neff of the Ohio State Highway Patrol was patrolling the section of Interstate 71 near the Burbank exit. While on patrol, he observed the defendant driving a car north on I–71. As the defendant operated the car, he had a map spread out across the steering wheel. This allowed him to look at the map and also look up at the highway. He was traveling in the northbound passing lane, approximately 5–7 miles per hour below the speed limit. Although he was traveling below the speed limit, no traffic was backing up behind the defendant, nor did the trooper observe any cars come up to the defendant's car and then brake suddenly.

{¶ 3} The trooper concluded that the defendant posed a danger to the traveling public and made a traffic stop. The traffic stop led to a search of the defendant's vehicle and also led to the defendant's being cited for the minor misdemeanor of reckless operation, as well as being arrested for felonies.

## Conclusions of Law

■ {¶ 4} When a police officer stops a motor vehicle and detains its occupants, he has seized it and its occupants within the meaning of the Fourth Amendment to the United States Constitution. See *Terry v. Ohio* (1968), 392 U.S. 1, 8, 9, 88 S.Ct. 1868, 1872, 1873, 20 L.Ed.2d 889, 898, 898–899; *Berkemer v. McCarty* (1984), 468 U.S. 420, 437–439, 104 S.Ct. 3138, 3149, 82 L.Ed.2d 317, 332–334; *United States v. Mendenhall* (1980), 446 U.S. 544, 556–557, 100 S.Ct. 1870, 1878, 64 L.Ed.2d 497, 510–512 (opinion of Stewart, J.); *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.

■ {¶ 5} The Fourth and Fourteenth Amendments to the United States Constitution as well as Section 14, Article I of the Ohio Constitution prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification. *Terry*, 392 U.S. 1, 20–21, 88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889, 905–906; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271, 1272–1273.

{¶ 6} Such objective justifications may include observations that the motorist being stopped has violated or is violating the laws of the state of Ohio. *Terry,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; *State v. Ball* (1991), 72 Ohio App.3d 43, 46, 593 N.E.2d 431, 433–434, citing *Adams v. Williams* (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, and *Terry,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

{¶ 7} Objective justification for a traffic stop may also include reasons that constitute a carrying out of the "caretaking" function of police, such as inquiring about disabled vehicles. *Cady v. Dombrowski* (1973), 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706.

{¶ 8} In making such a stop, the officer must be able to point to articulable facts that indicate that stopping the vehicle was reasonably necessary to carry out the community caretaking function of his/her job. *State v. Norman* (1999), 136 Ohio App.3d 46, 735 N.E.2d 953.

{¶ 9} R.C. 4511.20 prohibits operating a motor vehicle in "willful or wanton disregard of the safety of persons or property." R.C. 4511.20.

Issues Presented

{¶ 10} 1. Did the trooper making the stop have a reasonable and articulable belief that the defendant was violating the law of Ohio?

{¶ 11} 2. Did the trooper have a reasonable and articulable belief that the stop was necessary to protect the public?

Holding

{¶ 12} 1. The trooper did not have a reasonable and articulable belief that the defendant was violating R.C. 4511.20 when he made the traffic stop.

{¶ 13} 2. The stop was not objectively justified by the officer's concern for public safety.

Discussion

{¶ 14} R.C. 4511.20 prohibits operating a motor vehicle in willful or wanton disregard of the safety of others. Although reading a map while driving may be careless, depending on the circumstances, it is not per se willful or wanton. If it was, such activities as adjusting the controls on a radio, cassette, or CD player in a car would be willful or wanton; turning around to check on a child in a back seat would be willful or wanton; looking at a passenger while driving would be willful or wanton. Clearly the reckless operation statute was not meant to apply to such behavior and without more evidence than was presented in this

case, this court cannot find that the stop was justified because of the trooper's belief that the defendant was violating R.C. 4511.20.

{¶ 15} This court also finds that the stop was not justified by the officer's concern for public safety. In this case the officer testified that the defendant was not speeding, that he was not weaving, that he was not blocking traffic, and that he was not causing vehicles coming up behind him to put on their brakes to avoid hitting the defendant.

{¶ 16} Furthermore, the defendant was driving on a four-lane limited-access highway on a dry and clear day. Momentarily taking his eyes off the road to look at a map, given the facts set forth above, does not pose a danger to the public so as to require a traffic stop.

{¶ 17} Interestingly enough, when the state filed its post-hearing memorandum, it tried to justify the stop on the basis that the trooper had a belief that the stop was necessary to aid the defendant. The court finds this interesting for two reasons:

{¶ 18} 1. It appears to the court that the state is not confident that the stop can be justified as being necessary to protect public safety; and

{¶ 19} 2. Such a position conflicts with the trooper's testimony that he was making the stop because of his concern for public safety.

{¶ 20} While this court realizes that an officer's subjective reason for making a traffic stop is not relevant if the motorist being stopped is objectively breaking the law, this court believes that the same rationale does not apply to stops justified by the officer's performing "community caretaking" functions.

{¶ 21} When such a stop is made, the subjective reasons given for the stop by the officer at the hearing on the constitutionality of the stop are binding on the state. In such a case, the state cannot attempt to justify the stop on grounds not testified to by the officer. This is because the court hearing the motion is entitled to have the officer articulate specific facts that led him/her to reasonably believe that the stop was necessary to carry out the community caretaking function. It is what the officer making the stop believed right then that is important, not what the state can justify in hindsight.

{¶ 22} This ruling is limited to the facts set forth in this case. That is, if the officer would have related observations that led him to believe that the act of reading the map while driving endangered public safety, the result would be different. In this case, however, the officer's conclusionary statement that the defendant's conduct endangered public safety is not supported by the evidence offered at the hearing.

### Order

{¶ 23} All evidence obtained by the state following the traffic stop of the defendant is hereby ordered suppressed.

{¶ 24} SO ORDERED.

Motion to suppress granted.